[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11628
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 7, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00211-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FLOYD DEWAYNE DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(October 7, 2009)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Floyd Dewayne Davis challenges the reasonableness of his 24-month sentence imposed for violating conditions of his supervised release.

## I.

In 2005 Davis was convicted of three counts related to his making false statements when purchasing a firearm and was sentenced to 41 months imprisonment followed by 3 years of supervised release. Two conditions of his supervised release were that he must not commit another crime and must not associate with felons or with persons engaged in criminal activity. He was released from prison in July 2008.

In January 2009 Davis was arrested after he was found riding in a car with three ounces of hydroponic marijuana. At the supervised release revocation hearing, Davis and the driver of the car, Antron Evans, testified that Davis did not know the marijuana was in the car. The district court did not believe them. Instead, the district court credited testimony from a narcotics officer that he could smell the marijuana from 5 feet outside the car and that this "very high quality" hydroponic marijuana smelled so strong that one ounce of it would smell like two pounds of average marijuana. Although the guidelines range for Davis' violation was 4–10 months imprisonment, the district court sentenced him to the maximum punishment of 24 months imprisonment after finding that Davis had perjured

2

himself during the hearing.

## II.

We review a revocation of supervised release for abuse of discretion. United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994). We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). Davis contends that his sentence is both procedurally and substantively unreasonable.

## A.

We begin with whether the district court committed a procedural error. Davis argues that his sentence was procedurally unreasonable because the district court failed to consider the § 18 U.S.C. § 3553(a) factors. That argument relies on the premise that Davis' release was revoked under 18 U.S.C. § 3583(e). The government disputes that premise. It argues that Davis' release was revoked under 18 U.S.C. § 3583(g). It further argues that because § 3583(g) provides for mandatory revocation, the district court was not required to consider the § 3553(a) factors. We agree.

The district court's revocation order states that Davis' supervised release was being revoked because he committed a new criminal offense, and it is clear from the record that the offense was possession of marijuana, a controlled

substance. That violation made revocation mandatory. See § 3583(g)(1); United States v. Brown, 224 F.3d 1237, 1242 (11th Cir. 2000) ("Although not mentioned by the district court, [the defendant's] revocation was mandatory because he possessed a controlled substance. . . ."). Therefore, even assuming that the district court did not consider the § 3553 factors, it was not required to. See Brown, 224 F.3d at 1241 ("However, when revocation of supervised release is mandatory under 18 U.S.C. § 3583(g), the statute does not require consideration of the § 3553(a) factors." (internal quotation marks omitted).

Davis also argues that the guidelines sentencing range was not calculated or identified. It is true that the district court did not specifically reference the applicable guidelines range. But the district court is not held to a particularly exacting standard on this issue. "[B]ecause the Guidelines have always been advisory for sentences imposed upon revocation of supervised release, it is sufficient that there be some indication that the district court was aware of and considered" the guidelines range. United States v. Campbell, 473 F.3d 1345, 1349 (11th Cir. 2007) (internal citation and quotation marks omitted). Here there was.

It is undisputed that before the revocation hearing the United States Probation Office calculated the guidelines sentencing range as part of the petition for warrant or summons. It is undisputed that the guidelines range was 4–10

4

months.  It is undisputed that both parties and the district court had a copy of the sentencing range calculation at the sentencing hearing.  Finally, in making its sentencing determination, the court stated that it found "that a high end of — the guidelines are way too low, in my judgment in this case.  I find that it's reasonable to sentence [Davis] to the full 24 months."  The evidence is compelling that the district court was aware of and had considered the guidelines sentencing range but found it too lenient.

Davis's final two arguments on this issue are also meritless.  First, he argues that the district court failed to treat the sentencing guidelines as advisory.  That argument is inconsistent with the fact that the district court sentenced Davis above the guidelines range.  Second, he argues that the sentence imposed was based on clearly erroneous facts.  The basis for that argument largely is his and Evans' testimony that they could not smell marijuana in the car and that Davis did even not know there was marijuana in the car.  But the district court did not believe him or Evans.  It believed the narcotics officer's testimony that the odor of the marijuana was so strong that he could smell it from outside the car and five feet away.  The marijuana was sitting right next to Davis in the center console of the car.  The district court's credibility determinations were not clearly erroneous and support its finding that Davis knew there was marijuana in the car and its

5

conclusion that he was in constructive possession of it.

**B.**

Davis' contention that his sentence is substantively unreasonable also fails. He argues that the 24-month sentence is not justified given the "dubious nature" of the possession charge and the fact that his guidelines range was 4–10 months. The charge is "dubious," according to Davis, because both he and Evans testified that they did not smell marijuana and testified that Davis did not know it was in the car. As we have already discussed, the district court did not believe them and instead believed the officer. In fact, the district court sentenced Davis to the statutory maximum in part because it found that Davis had perjured himself before the court.

The conditions of Davis' supervised release required him not to commit any crimes and not to associate with felons. He was caught riding in a car with a convicted felon and with some "very high quality" marijuana. Then Davis came to court and lied. In view of Davis' conduct, it was not unreasonable for the court to sentence him to 24-months imprisonment. See United States. v. Silva, 443 F.3d 795, 796–99 (11th Cir. 2006); United States v. Hofierka, 83 F.3d 357, 359–62 (11th Cir. 1996).

**AFFIRMED.**